# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:07-CR-30-BES-RAM |
| Plaintiff, | ) ) | |
| vs. | ) ) | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| DALTON WILSON, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Defendant DALTON WILSON was tried before this Court, without a jury, after being charged in a Superseding Information with Unauthorized Occupancy of Public Lands, in violation of 43 C.F.R. § 2920.1-2, and 9261-1, for Grazing Livestock Without a Permit or Lease, in violation of 43 C.F.R. § 4140.1(b)(1)(i).

The trial commenced and concluded on May 6, 2008. Thereafter, the parties submitted to the Court their proposed findings of fact and conclusions of law. After a review of the evidentiary record, the Court now enters the following Findings of Fact and renders its Conclusions of Law to find Defendant NOT GUILTY of the charges contained in the Superseding Information.

## I. FINDINGS OF FACT

1. On or about November 23, 2005, Bureau of Land Management ("BLM") Agent Brian Richards personally served Defendant with written notices for trespass and unlawful grazing of livestock on a parcel of land described as the N 1/2 of the SW 1/4 of Section 12, Township 22 N., Range 47 East, Mount Diablo Meridian in Lander County, Nevada (hereinafter the "Property"). These notices directed the Defendant to remove his

1     personal property and livestock from the Property within 14 days.

2. On June 1, 2006, Agent Richards returned to the Property and observed that Defendant was still residing on the Property along with his personal property and livestock (horses).

3. The United States claims that the Property is public land that is managed by the BLM.

4. The United States has never issued a patent conveying the Property from federal ownership to private ownership.

5. The Defendant has not established any lawful proprietary or possessory interest in the Property.

6. On May 5, 2008, a third party, the County of Lander, a political subdivision of the State of Nevada, filed a Complaint for Declaratory Judgment against the United States of America, the Department of the Interior, BLM, and the Department of Justice, Case No. 3:08-cv-00235-BES-RAM, wherein Lander County challenges, among other issues, the validity of a quitclaim deed transferring the Property from Lander County to the BLM and that the quitclaim deed is void *ab initio*.

7. On or about June 1, 2006, the Defendant knowingly and willfully occupied the Property.

8. The Defendant's occupancy of the Property did not involve casual use.

9. The Defendant was not authorized by the United States or any other third party to occupy the Property.

10. On or about June 1, 2006, the Defendant knowingly and willfully allowed livestock to graze upon the Property.

11. On or about June 1, 2006, the Defendant did not have a permit or a lease or other authorization that would allow him to graze livestock on the Property.

12. As of May 2, 2008, Defendant continued to occupy the Property.

## II. CONCLUSIONS OF LAW

**A. Counts One and Two**

The Court finds, consistent with its factual findings and its evaluation of the credibility of the witnesses and the evidence admitted at trial, that the Government has not established

beyond a reasonable doubt that the Property is public land because title to the Property is in question and has been challenged by a third party, namely Lander County, a political subdivision of the State of Nevada, in a separate action brought before this Court.

### III.  CONCLUSION

For the foregoing reasons, the Court finds Defendant Dalton Wilson NOT GUILTY on Counts One and Two of the charges contained in the Superseding Information.

It is further ordered that Defendant's Motion to Strike (#41) filed on May 19, 2008, is DENIED.

IT IS SO ORDERED this 28TH day of May, 2008.

_____
BRIAN SANDOVAL
United States District Judge